UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | NO. 3:06-CR-92 |
| ) | JUDGES PHILLIPS/GUYTON |
| JOANNE BAKER WEST ) | |

### AGREED PRELIMINARY ORDER OF FORFEITURE

WHEREAS, on August 8, 2006, a Superseding Indictment was filed in the above-referenced case charging Defendant JOANNE BAKER WEST, and others, with willfully, knowingly, intentionally, and without authority combining, conspiring, confederating, and agreeing to commit certain offenses against the United States as follows: knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, conducting and attempting to conduct such financial transactions with intent to promote the carrying on of a specified unlawful activity, and the concealing and disguising the nature of, the location, source, ownership, and control of the proceeds of a specified unlawful activity, that is, the distribution of, and possession of with intent to distribute marijuana, a Schedule I controlled substance, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(I), (a)(1)(B)(I) and (h).

WHEREAS, in the forfeiture allegations of the Superseding Indictment in the above-referenced case, the United States sought forfeiture of the interest of the Defendant JOANNE BAKER WEST, pursuant to, Title 18, United States Code, Section 982(a)(1), in any property

involved in the violation of Title 18, United States Code, Sections 1956(a)(1)(A)(I), (a)(1)(B)(I) and (h), and any and all property traceable thereto.

AND WHEREAS, on August 24, 2006, this Court accepted the guilty plea of the Defendant, JOANNE BAKER WEST, and by virtue of said guilty plea and conviction, and defendant's agreement to forfeit any interest she may have in the property described herein, the Court has determined that defendant West's interest in the property identified below is subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(1), and that the United States has established the requisite nexus between the property and the aforesaid offenses. Further the United States is now entitled to seize the defendant's interest in said property, pursuant to Title 21, United States Code, Section 853(g), as incorporated by 18 U.S.C. § 982(b) and Rule 32.2(b) of the Federal Rules of Criminal Procedure;

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED:

1. That based upon the conviction of Defendant, JOANNE BAKER WEST, under Title 18, United States Code, Sections 1956(a)(1)(A)(I), (a)(1)(B)(I) and (h), the United States is hereby authorized to seize her interests in the following properties and the same is hereby forfeited to the United States for disposition in accordance with law, subject to the provisions of Title 21, United States Code, Section 853(h), as incorporated by Title 18, United States Code, Section 982(b):

**Bank and/or Financial Institution Accounts**

(a) E*Trade Bank Account Number 2007989581 in the name of James M. West valued at $4,729.15 at the time of its seizure on or about July 17, 2006.

(b) E*Trade Securities LLC Account Number 65836232 in the name of Joanne R. Baker valued at $3,336.20 at the time of its seizure on or about July 17, 2006.

(c) E*Trade Securities LLC Account Number 66172518 in the name of James West C/F Ian Haley West valued at $35,977.00 at the time of its seizure on or about July 17, 2006.

(d) E*Trade Securities LLC Account Number 66029887 in the name of Joanne Baker C/F Dylan Thomas Baker valued at $36,798.00 at the time of its seizure on or about July 17, 2006.

(e) E*Trade Securities LLC Account Number 66581875 in the name of James Michael West valued at $33.33 at the time of its seizure on or about July 17, 2006.

(f) E*Trade Securities LLC Account Number 67036368 in the name of Spiral-Web, Inc. valued at $30,572.02 at the time of its seizure on or about July 17, 2006.

(g) E*Trade Securities LLC Account Number 67997136 in the name of James M. West Roth IRA valued at $20,173.00 at the time of its seizure on or about July 17, 2006.

(h) Ameritrade Inc. Account Number 774270778 in the name of James Michael West valued at $86,105.38 at the time of its seizure on or about July 17, 2006.

(i) Amsouth Bank Account Number 1002838224 in the name of Sprial-Web, Inc, DBA Sensua Gallery valued at $12,671.86 at the time of its seizure on or about July 17, 2006.

(j) Bank of Hawaii Account Number 4012747 in the name of James M. West valued at $354.04 at the time of its seizure on or about July 17, 2006.

(k) American Savings Bank Account Number 8001371124 in the name of James M. West Jnt. Joanne R B West Jnt. valued at $24,234.40 at the time of its seizure on or about July 17, 2006.

(l) Bank of America NA Account Number 000373729693 in the name of Joanne Baker West valued at $15.46 at the time of its seizure on or about July 17, 2006.

(m) Bank of America NA Account Number 000696387344 in the name of Joanne Baker West Dylan T. Baker valued at $15,890.51 at the time of its seizure on or about July 17, 2006.

(n) Bank of America NA Account Number 000696387357 in the name of Joanne Baker West Artemis Magdaline West valued at $5,786.96 at the time of its seizure on or about July 17, 2006.

(o) Bank of America NA Account Number 000655355731 in the name of Joanne Baker West POD Jame Michael West valued at $3,100.56 at the time of its seizure on or about July 17, 2006.

(p) Bank of America NA Account Number 000655355744 in the name of Joanne Baker West POD Jame Michael West valued at $1,589.91 at the time of its seizure on or about July 17, 2006

(q) Bank of America NA Account Number 002373560958 in the name of Joanne Baker West POD Jame Michael West valued at $4,501.22 at the time of its seizure on or about July 17, 2006.

(r) Rudolph Steiner Foundation Account Number 14579201 in the name of Joanne Baker and James West valued at $10,401.29 at the time of its seizure on or about July 17, 2006.

(s) Citizens Bank & Trust of Grainger County Account Number 8652661 in the name of James M. West valued at $4,859.00 at the time of its seizure on or about July 17, 2006.

### Real Property and/or Related Land Records

(a) Real Property, situated in District Four (4) of Knox County, Tennessee and within the 6th Ward of the City of Knoxville, Tennessee, and being known and designated as Lot 19R, in the Resubdivision of Lots 19, 20, 21, and 22, of Swan & Mabry Addition, as shown by map recorded as Instrument No. 200303240084555, in the Knox County Register's Office, said lot being more fully bounded and described by map, to which map specific reference is hereby made for a more particular description.

Recorded in the Register of Deeds Office for Knox County, Tennessee on September 5, 2005, as Instrument Number 200509060021878, titled to the Industrial Development Board of the City of Knoxville. Being the same property conveyed by Quit Claim Deed dated May 9, 2003, from Scott and Bernadette West to Lessee recorded with the Knox County Register of

4

Deeds at Instrument No. 200305120102834. (16, 18, 20, 22 Market Square).

(b) The "Lease" concerning the aforesaid real property described in paragraph (1) immediately herein above, dated August 1, 2005, entered into by the Industrial Development Board of the City of Knoxville, a public nonprofit corporation organized and existing under the laws of the State of Tennessee ("Lessor"), and Preservation Public LLC ("Lessee") as evidenced by the "Memorandum of Lease" of record as Instrument Number 200509060021879 in the Register of Deeds for Knox County, Tennessee, and which reads in part as follows:

WHEREAS, Lessor is a public nonprofit corporation and a public instrumentality of the City of Knoxville, Tennessee, and is authorized under Sections 7-53-101 to 7-53-311, inclusive, Tennessee Code Annotated, as amended (the "Act"), to acquire, whether by purchase, exchange, gift, lease, or otherwise, and to own, lease and dispose of properties for certain purposes identified in the Act.

WHEREAS, in order to encourage Lessee to construct and rehabilitate an approximately 26,300 square foot residential and commercial buildings located at 16 – 22 Market Square, Knoxville, Tennessee, thereby furthering the purposes of the Act, Lessor desires to lease to Lessee and Lessee desires to rent from Lessor certain real property hereinafter more particularly described, on the terms and conditions set forth herein;

WHEREAS, the City Council of the City of Knoxville, Tennessee, authorized the Lessor to negotiate and accept from Lessee payments in lieu of ad-valorem taxes pursuant to Resolution No. R-377-03 approved September 10, 2003; and

NOW, THEREFORE, Lessor, for and in consideration of the payments hereinafter stipulated to be made by Lessee, and the covenants and agreements hereinafter contained to be kept and performed by Lessee, does by these presents demise, lease and let unto Lessee, and Lessee does by these presents hire, lease and rent from Lessor, for the Term (as defined below) and upon the conditions hereinafter stated, the premises described in Exhibit A attached hereto, together with all facilities and improvements now existing or hereafter constructed thereon by Lessee or otherwise......

(c) Real Property, located in District Four (4) of Knox County, Tennessee and within the 6th Ward of the City of Knoxville, Tennessee, being located on

5

the East side of Market Square, and more particularly described as follows:

BEGINNING at the center of a brick division wall between Eckle and Gossett (former owners) at the pavement on said Market Square; thence Easterly with said Gossett line about 120 feet to an alley; thence Southerly along said alley 20 feet 4 inches; thence Westerly along the center of the wall of the present brick business house formerly belonging to Eckle about 120 feet to Market Square; thence Northerly 20 feet 4 inches to the BEGINNING. Being known as 28 Market Square Mall. It being the true meaning and intent to convey to the second parties to the center of each wall on each side of said lot.

Recorded in Warranty Deed registered on August 28, 2002, as Instrument Number 200208280017284, in the Register of Deeds Office for Knox County, Tennessee, titled to Scott West and wife, Bernadette West. (28 Market Square)

(d) Real Property, located in District Four (4) of Knox County, Tennessee and within the 6th Ward of the City of Knoxville, Tennessee, and being Lot 13 of Swan and Mabry's Addition, which lot runs 28 feet on the East side of Market Mall and extends East along the South line of Wall Avenue, 118.1 feet, more or less, to an alley, and being more particularly described as follows:

BEGINNING at a point marking the intersection of the Eastern line of Market Square with the Southern side of Wall Avenue; thence in an Easterly direction and with the Southern line of Wall Avenue, North 63 deg. East 118.1 feet to an iron pin in the Westerly line of a 10 foot alley; thence in a Southerly direction with the Western line of said alley, South 27 deg. East 28.0 feet to an iron pin; thence South 63 deg. West 118.1 feet to the Eastern line of East Market Square; thence with the Eastern line of East Market Square, North 27 deg. West 28.0 feet to the point of BEGINNING, as shown by Survey of Property of Fikret T. Gencay by Michael E. Luethke, Tennessee Registered Surveyor No. 842, Luethke Surveying Company, 6538 Vintage Drive, Knoxville, Tennessee 37921. Said survey being dated July 7, 1994, and bearing Drawing No. 94287.

Recorded in Warranty Deed registered on May 9, 2002, as Instrument Number 200205090093076, in the Register of Deeds Office for Knox County, Tennessee, titled to Bernadette West and husband, Scott West. (36 Market Square also known as 320 Wall Avenue)

(e) Real property having an address of 275 Jones Lane, Mooresburg, Tennessee, consisting of two tracts and located in the Second Civil District of Hawkins County, Tennessee, and more particularly described as follows:

Tract I:

ADJOINED on the North by Brewer, Carpenter and Lovin and perhaps others, on the East by a farm road owned and used the first and second parties to a point where the road and stream intersect and thereafter the following the farm stream; on the South by Lovin and on the West by Brewer and containing 25 acres, more or less by estimation.

Tract II:

BOUND on the North by other property of Kerr; bounded on the East by other property of Kerr, said Eastern boundary line beginning at a farm stream which is a part of the northern boundary and running on a bearing of South 45 East to the peak of the ridge line opposite said farm stream; bounded on the South by the other property purchased by second party, and containing 12 acres, more or less, by estimation but being sold by the boundary and not by the acreage.

Recorded in Warranty Deed registered on January 30, 2001, in Deed Book 425, Page 791, in the Register's Office for Hawkins County, Tennessee, titled to James Michael West.

(f) A tract of land lying in the Upper Hominy Township of Buncombe County, North Carolina and more particularly described as follows:

BEGINNING on an existing axle which marks the southeast corner of the Ronald E. Peek property as described in Deed Book 1107 at Page 329 and which axle marks the beginning corner of the Ronald E. Peek property as described in Deed Book 1271 at Page 541 in the Buncombe County Registry; runs thence from the beginning corner, thus established, and with the northwestern boundary of the Peek tract as described in Deed Book 1271 at Page 541, South 52 degrees 53 minutes West 167.6 feet to a 3/4 inch existing iron pipe with ID cap; thence South 53 degrees 22 minutes West, crossing Ridge Road (State Road Number 1289), 43.45 feet to an existing 5/8 inch rebar at or near the southwestern margin of Ridge Road; thence running North 45 degrees 10 minutes West, and recrossing Ridge Road, 156.75 feet to a point on the northeastern margin of said road; runs thence North 55 degrees 20 minutes West 241.1 feet to a point in the

7

center of Ridge Road; thence leaving Ridge Road and running North
45 degrees 51 minutes east, passing an existing 518 inch iron bar at 28.42
feet, a total distance of 375 feet to an existing 5/8 inch iron bar in the line
of the property of Charles Lance (Deed Book 833 at Page 461), now the
property of Lana; thence with the Lance or Lana property line, south 18
degrees 44 minutes East 82.9 feet to a new iron pipe and South 31 degrees
00 minutes East 353.8 feet to the point of BEGINNING, containing 2.59
acres, according to a survey by Freeland-Clinkscales & Associates, Inc.,
Surveyors, dated May 27, 1991 and entitled "Survey for George P. Maxey
and Marie W. Maxey", said survey being incorporated herein.

Warranty Deed registered on April 30, 2004, in Deed Book 3628, Page
567, in the Register of Deeds Office for Buncombe County, North
Carolina, titled to James M. West and wife, Joanne Baker West.

(g) Real property having an address of Lot 64-A and 64-B, Upper Maulua
Homesteads, North Hilo Ninole, Hawaii, consisting of two parcels, and
more particularly described in document number 2005-147021, file
number 1913096, registered on July 25, 2005, in the State of Hawaii
Bureau of Conveyances, titled to James Michael West and wife, Joanne
Rebecca Baker West.

Parcel First:

All of that certain parcel of land (being all of the land described in and
covered by grant 8590 to K. Kaia), situated on the northerly side of a 60
foot wide government road reserve approximately 13,500 feet southwest
of Mamalahoa Highway at Manoloa, North Hilo, Island and County of
Hawaii, State of Hawaii, being Lot 64-A, of the upper of Maulua
Homesteads, described as follows:

BEGINNING at a 1/2" pipe (set) in the center of an Ahu (fnd.) at the
southwest corner of this piece of land being also the southeast corner of
Lot 61 and on the northerly side of a 60 foot wide government road reserve
the coordinates of said point of beginning referred to government survey
triangulation station "Puu Ohai" being 11,969.34 feet south and 4,468.19
feet west and running by true azimuths measured clockwise from south:
1. 187° 53' 30" 2148.22 feet along Lot 61, grant 5363 to Rose V. Heeb to
a 1" pipe (fnd.) On the west edge of Manoloa Stream;

2. 301° 02' 1350.38 feet along Lot 63, grant 5318 to Phebe V. Toledo;

8

3. 24° 08' 1858.78 feet along the westerly side of a 30 foot wide road reserve to a 1/2" pipe (set);

4. 83° 47' 196.42 feet along the northerly side of a 60 foot wide government road reserve;

5. 177° 24' 110.48 feet along the easterly side of a 60 foot wide government road reserve;

6. 55° 15' 402.80 feet along the northwesterly side of a 60 foot wide government road reserve;

7. 105° 52' 98.84 feet along the northerly side of a 60 foot wide government road reserve;

8. 154° 53' 106.93 feet along the northeasterly side of a 60 foot wide government road reserve;

9. 202° 59' 151.55 feet along the easterly side of a 60 foot wide government road reserve;

10. 163° 36' 143.15 feet along the northeasterly side of a 60 foot wide government road reserve;

11. 96° 27' 39.35 feet along the northerly side of a 60 foot wide government road reserve to the point of beginning and containing as area of 48.746 acres, more or less.

Parcel Second:

All of that certain parcel of land (being all of the land described in and covered by grant 7874 to Joe Texeira Gomes), situated on the northerly side of a 60 foot wide government road reserve approximately 13,500 feet southwest of Mamalahoa Highway, at Manoloa, North Hilo, Island and County of Hawaii, State of Hawaii, being Lot 64-B, described as follows:

BEGINNING at the north corner of this piece of land on the easterly side of a 30 foot wide road reserve and on the southerly boundary of Lot 63 the coordinates of said point of beginning referred to government survey triangulation station "Puu Ohai" being 10,553.21 feet south and 2,990.27 feet west and running by true azimuth measured clockwise from south:

9

1. 301° 02' 1927.12 feet along Lot 63, Grant 5318 to Phebe V. Toledo to a 1/2" pipe (set) an the northerly bank of Waikaumalo Gulch;

2. 100° 43' 25.00 feet along the northerly edge of Waikaumalo Gulch to a 1/2" pipe (set);

3. 79° 14' 292.00 feet along the northerly edge of Waikaumalo Gulch to a 1/2" pipe (set);

4. 72° 08' 163.00 feet along the northerly edge of Waikaumalo Gulch to a 1/2" pipe (set);

5. 53° 00' 247.50 feet along the northwesterly edge of Waikaumalo Gulch to a 1/2" pipe (set);

6. 93° 43' 142.00 feet along the northerly edge of Waikaumalo Gulch to a 1/2" pipe (set);

7. 74° 00' 333.10 feet along the northwesterly edge of Waikaumalo Gulch to a 1/2" pipe (set);

8. 45° 21' 204.50 feet along the westerly edge of Waikaumalo Gulch to a 1/2" pipe (set);

9. 41° 04' 145.00 feet along the westerly edge of Waikaumalo Gulch to a 1/2" pipe (set);

10. 96° 45' 156.00 feet along the northerly edge of Waikaumalo Gulch to a 1/2" pipe (set);

11. 64° 45' 219.00 feet along the northwesterly edge of Waikaumalo Gulch to a 1/2" pipe (set);

12. 35° 58' 106.60 feet along the westerly edge of Waikaumalo Gulch to a 1/2" pipe (set);

13. 0° 46' 239.00 feet along the westerly edge of Waikaumalo Gulch to a 1/2" pipe (set);

14. 32° 59' 170.40 feet along the westerly edge of Waikaumalo Gulch to a 1/2" pipe (set);

15. 7° 46' 125.80 feet along the westerly edge of Waikaumalo Gulch to a 1/2" pipe (set);

16. 64° 02' 30" 19.92 feet along the westerly edge of Waikaumalo Gulch to a 1/2" pipe (set);

17. 125° 27' 25.13 feet along the northeasterly side of a 60 foot wide government road reserve;

18. 48° 40' 65.23 feet along the northwesterly side of a 60 foot wide government road reserve;

19. 173° 55' 63.34 feet along the easterly side of a 60 foot wide government road reserve;

20. 127° 55' 119.42 feet along the easterly side of a 60 foot wide government road reserve;

21. 195° 28' 120.38 feet along the easterly side of a 60 foot wide government road reserve;

22. 143° 08' 78.48 feet along the northeasterly side of a 60 foot wide government road reserve;

23. 73° 49' 240.44 feet along the northerly side of a 60 foot wide government road reserve;

24. 127° 51' 190.01 feet along the northeasterly side of a 60 foot wide government road reserve;

25. 215° 30' 159.71 feet along the southeasterly side of a 60 foot wide government road reserve;

26. 154° 58' 79.15 feet along the northeasterly side of 60 foot wide government road reserve to a 1/2" pipe (set);

27. 204° 08' 1881.08 feet along the easterly side of a 30 foot wide road reserve to the point of beginning and containing an area of 49.505 acres, more or less.

11

### Currency

(a) $7,700.00 in United States currency recovered from JAMES MICHAEL WEST on March 31, 2006.

(b) $2,000.00 in United States currency recovered from JAMES MICHAEL WEST on May 18, 2006.

(c) $5,400.00 in United States currency recovered from JAMES MICHAEL WEST on May 31, 2006.

(d) $155,216 in United States currency seized from JAMES MICHAEL WEST and JOANNE BAKER WEST on July 16, 2006 at 176 Ridge Road, Candler, North Carolina.

(e) $40,000 in United States currency seized from JAMES MICHAEL WEST on July 16, 2006 at 275 Jones Lane, Mooresburg, Tennessee.

### Miscellaneous

(a) The value of Defendant JAMES MICHAEL WEST's interest in the real property lying and being at Waikaumalo-Maulua, North Hilo, Island and County of Hawaii, State of Hawaii, being Lot Number 66, public land map number 24, first land district and more particularly described in document number 2003-027573, TMK (3rd) 3-2-4:28, registered on February 14, 2003, in the State of Hawaii Bureau of Conveyances, titled to Gray Youngblood Jordan.

(b) The contents of Bank of America Safe Deposit Box #04303003353, Candler, North Carolina, seized on July 17, 2006, including miscellaneous jewelry and 2004 and 2005 American Eagle Gold Bullion Coins Proof Set.

(c) 73 cases of wine and 3 individual bottles of wine seized from JAMES MICHAEL WEST on July 16, 2006 at 275 Jones Lane, Mooresburg, Tennessee.

(d) 2001 Subaru Legacy Outback, B864SM, VIN: 4S3BH686517623779, titled in the name of Joanne B. West, seized on July 16, 2006 at 176 Ridge Road, Candler, North Carolina.

(e) Sony Television, Model KE42TSZU, Serial Number 2041269.

12

The Defendant JOANNE BAKER WEST agrees to forfeit her interest and agrees not to contest the criminal forfeiture of the following:

 (a) $13,519 in United States currency seized from RONALD SCOTT WEST and BERNADETTE TRENT WEST on July 16, 2006 at 18 Market Square, Apt. 211, Knoxville, Tennessee.

 (b) $11,600 in United States currency seized from JAMES R. WEST on July 16, 2006 at 717 Rawhide Trail, Lenoir City, Tennessee.

 (c) $23,842.00 in United States currency seized from PHILLIP A. APODACA on July 18, 2006 at 5333 W. Swallow Drive, Tucson, Arizona.

 (d) $55,750.00 in United States currency seized from MARK ANTHONY CORT on July 18, 2006 at 3602 Silverton Street, Durango, Colorado.

 (e) $47,691.00 in United States currency seized from WILLIAM RANSON HOBBS on August 4, 2006 at Ramada Plaza, 435 Smoky Park Highway, Asheville, North Carolina 28806.

 (f) $19,300.00 in United States currency seized from SHERRY FARMER on August 3, 2006 at 342 Lake Mist Dr., Martin, Georgia 30557.

 (g) $25,850.00 in United States currency seized from KARL GRUEN on July 18, 2006 at 275 Jones Lane, Mooresburg, Tennessee.

2. That the aforementioned forfeited properties are to be held by the Internal Revenue Service in their secure custody and control.

3. That pursuant to Title 21, United States Code, Section 853(n)(1), as incorporated by Title 18, United States Code, Section 982(b), the Internal Revenue Service forthwith shall publish at least once for three consecutive weeks in a newspaper of general circulation, notice of this Order, notice of the Internal Revenue Service's intent to dispose of the property in such manner as the Attorney General may direct and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with

13

the court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

    4.    This notice shall state that the petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title and interest in each of the forfeited property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person, as a substitute for published notice as to those persons so notified.

    5.    That upon adjudication of all other or third-party interests in said property, this court will enter a Final Order of Forfeiture pursuant to Title 21, United States Code, Section 853(n), as incorporated by Title 18, United States Code, Section 982(b) in which all interests will be addressed.

    6.    The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to the Federal Rules of Criminal Procedure 32.2(e).

7. That the Clerk of this Court shall provide a certified copy of this Order to the Internal Revenue Service and to the United States Attorney's Office.

ENTER:

*Thomas W. Phillips*

THOMAS W. PHILLIPS
UNITED STATES DISTRICT JUDGE

Submitted by:
JAMES R. DEDRICK
United States Attorney

By: *Hugh R. Ward*

HUGH B. WARD, JR.
Assistant United States Attorney

*G. Scott Green*

G. SCOTT GREEN
Counsel for Defendant

*Joanne Baker West*

JOANNE BAKER WEST
Defendant